FILED
BILLINGS DIV.

IN THE UNITED STATES DISTRICT COURT  2008 JUL 8 PM 3 03

FOR THE DISTRICT OF MONTANA    PATRICK E. DUFFY, CLERK
BY _____
BILLINGS DIVISION    DEPUTY CLERK

| | |
|---|---|
| TYLER LANGLOIS,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES,<br><br>Defendant. | **CV-08-43-BLG-RFC-CSO**<br><br>**FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

Plaintiff Tyler Langlois ("Langlois") initiated this action in Montana state court on January 18, 2008. *Cmplt. (Court's Doc. No. 7) at 1.* Langlois alleged that on or about February 25, 2005, Daniel Nichols ("Nichols") failed to stop his vehicle at a red light and struck Langlois's motorcycle causing Langlois injuries. *Id. at 1-2.*

The United States Attorney General certified that Nichols, an employee of the United States Postal Service ("USPS"), was acting within the scope of his employment at the time of the accident. *Notice of Removal (Court's Doc. No. 1) at 2; Answer (Court's Doc. No. 8) at 1-2.* Thus, under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq., this action became one against the United States ("U.S."). *Answer at 2.*

On March 10, 2008, the U.S. removed the case to this Court, which has jurisdiction under 28 U.S.C. § 2679(d)(2). By Order *(Court's Doc. No. 9)* filed April 22,

-1-

2008, Chief Judge Cebull referred the case to the undersigned for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(A), including submission of proposed findings and recommendations.

On April 28, 2008, the U.S. filed its Motion to Dismiss for Lack of Subject Matter Jurisdiction *(Court's Doc. No. 11)* under Rule 12(b)(1).[1]  On May 15, 2008, the Court issued an Order *(Court's Doc. No. 16)* granting the parties' joint motion requesting, *inter alia*, that Langlois be given an extension of time until June 26, 2008, to respond to the U.S.'s motion.

To date, Langlois has failed to file his response.  His failure to do so is deemed an admission that the U.S.'s motion to dismiss is well-taken.  *Local Rule 7.1(I)*.  *See, e.g., Couveau v. American Airlines, Inc.*, 218 F.3d 1078, 1081-82 (9th Cir. 2000); *Marshall v. Gates*, 44 F.3d 722, 725 (9th Cir. 1995) (noting that it is not proper for a court to grant a summary judgment motion simply because the non-moving party violated a local rule).  In addressing the merits, however, the Court recognizes that it is not obligated "to scour the record" for a potential basis to deny the U.S.'s motion to dismiss.  *See, e.g., Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1028-29 (9th Cir. 2001); *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996) ("[I]t is not our task, or that of the district court, to scour the record in search of a genuine issue of triable fact.  We rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." (citation and internal quotation marks

---

[1] All references to rules herein are to the Federal Rules of Civil Procedure unless otherwise indicated.

omitted)).

## I.   **BACKGROUND**

The U.S., in its brief filed in support of its motion to dismiss (*Court's Doc. No. 12*) and in the Declaration of Denise Robbins *(Court's Doc. No. 13)*, sets forth this case's background in detail.  In summary, the U.S. states that on April 22, 2005, Denise Robbins ("Robbins"), the USPS tort claims coordinator, received from Langlois a claim form related to the accident that is the subject of this action.  Attached to the claim form were an accident report, a statement from Langlois's employer about his inability to work, two estimates for motorcycle repair, a receipt for the accident report, and medical bills totaling $307.00.

The claim form submitted by Langlois contained incomplete information, so on July 1, 2005, Robbins wrote to Langlois: (1) notifying him that his claim form could not be accepted as submitted; (2) providing him with a new, blank form; (3) advising him to read the instructions on the back of the blank form; (4) providing him with an additional instruction letter to assist him in completing the form; (5) and inviting him to contact Robbins if he had any questions.

The instruction letter included a specific instruction advising Langlois of the necessity of having him provide "the dollar amount" he was claiming, warning him that "[f]ailure to specify a certain dollar amount (sum certain) ... will render [his] claim incomplete[,]" and advising him that an incomplete claim form "cannot be processed." *Decl. of Denise Robbins (Court's Doc. No. 13) at Ex. 2.*  The USPS did not receive any

written or telephonic communication from Langlois setting forth a sum certain, submitting additional medical bills or other documents, or requesting assistance in submitting a claim.

On January 23, 2008, the USPS was notified that its employee, Nichols, had been served on or about January 21, 2008, with a summons and complaint dated January 18, 2008.

## II.  **_ARGUMENTS OF THE UNITED STATES_**

The U.S. argues that this Court lacks subject matter jurisdiction and should dismiss this action.  It argues dismissal is appropriate "because Langlois failed to present an administrative tort claim for a sum certain within the time limits imposed by the FTCA[.]"  _U.S.'s Br. at 4_.

The U.S. argues that Langlois: (1) set forth no sum certain on the claim form submitted to the USPS; (2) wrote "see attached" when asked on the claim form to indicate the amount claimed for property damage; (3) wrote "?" when asked on the claim form to indicate the amount claimed for personal injury; (4) wrote "ongoing" when asked on the claim form to indicate the total amount of money claimed; (5) attached to the claim form two estimates for motorcycle repairs, but no claim for a sum certain; (6) attached medical bills, but no claim for a sum certain; and (7) and attached a letter from his employer that states he had to miss work, but which sets forth no amount claimed for wage loss. _U.S.'s Br. at 10_.

Despite providing Langlois with a new form and detailed instructions on what

information was necessary to process his claim, the U.S. argues, Langlois failed to respond and failed to provide the requisite information within two years of the accident at issue. *Id. at 10-11*. Thus, the U.S. argues, Langlois failed to "meet the statutory requirements of filing a claim with a sum certain within two years of the accident which gives rise to the claim and therefore the case should be dismissed." *Id. at 11*.

## III.   *DISCUSSION*

The U.S. bases its motion on the argument that Langlois failed to exhaust required administrative remedies before filing this action. The U.S.'s motion, therefore, amounts to a factual attack on jurisdiction. *See Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). As such, the Court is permitted to look beyond the Complaint's factual allegations and need not presume the truthfulness of the plaintiff's allegations. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citations omitted); *see also Wyatt*, 315 F.3d at 1119. "In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Wyatt*, 315 F.3d at 1119-20. Where the Court decides that a plaintiff has failed to exhaust administrative remedies, it may dismiss the unexhausted claim. *Id.* at 1120.

With respect to claims brought under the FTCA, which provides a limited waiver of sovereign immunity, it is well-settled in the Ninth Circuit that failure to comply with statutory prerequisites before filing a civil action will result in dismissal of the action. *See Jerves v. U.S.*, 966 F.2d 517, 519 (9th Cir. 1992) (citing *Caton v. U.S.*, 495 F.2d

635, 638 (9th Cir. 1974)). The FTCA requires presentation of a valid administrative claim within two years of the alleged incident. See 28 U.S.C. § 2401(b). To be valid, the claim must, *inter alia*, seek a sum certain. See *Blair v. IRS*, 304 F.3d 861, 865 (9th Cir. 2002); *Nigh v. U.S. ex rel. U.S. Agriculture Dept.*, 534 F.Supp.2d 1170, 1176 (D. Mont. 2008). "[C]laim presentment requirements are jurisdictional and cannot be waived." *Nigh*, 534 F.Supp.2d at 1176 (citing *Burns v. U.S.*, 764 F.2d 722, 724 (9th Cir. 1985)).

In the case at hand, as noted *supra*, the U.S. asserts that Langlois failed to file a claim indicating a sum certain within two years of the accident from which this action arose and that this failure subjects his case to dismissal. Again, Langlois has failed to respond to the U.S.'s motion.

The Court has carefully reviewed the U.S.'s motion, brief, and supporting documents. It appears on the current record that Langlois failed to comply with the FTCA's presentment requirements because he failed to specify a sum certain for his claim. Thus, this Court agrees with the U.S. that it lacks subject matter jurisdiction and that Langlois's action must be dismissed. *Blair*, 304 F.3d at 865; *Nigh*, 534 F.Supp.2d at 1176.

### III.  *CONCLUSION*

Based on the foregoing,

**IT IS RECOMMENDED** that the U.S.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction *(Court's Doc. No. 11)* under Rule 12(b)(1) be GRANTED.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendation must be filed with the Clerk of Court and copies served on opposing counsel within ten (10) days after receipt hereof, or objection is waived.

DATED this 8th day of July, 2008.

/s/ Carolyn S. Ostby
United States Magistrate Judge