FILED
BILLINGS DIV.

2008 SEP 3 AM 11 29

PATRICK E. DUFFY, CLERK

BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| TYLER LANGLOIS, ) | |
| ) | CV-08-43-BLG-RFC |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | ORDER ADOPTING FINDINGS AND |
| UNITED STATES, ) | RECOMMENDATION OF |
| ) | U.S. MAGISTRATE JUDGE |
| Defendant. ) | |

On July 8, 2008, United States Magistrate Judge Carolyn Ostby entered her Findings and Recommendation with respect to the United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction (*Doc. 11*). *Doc. 17*. Magistrate Judge Ostby recommends that this motion be granted because Plaintiff failed to comply with the Federal Tort Claims Act's ("FTCA") requirement that claimant's file a claim for a sum certain within two years of the alleged tort.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, Plaintiffs filed a "limited objection" on August 1, 2008.[1] Plaintiffs' objections require this Court to make a *de novo* determination of those portions of the Findings and Recommendations to which objection is

---

[1] On July 15, 2008 Plaintiff filed his *Unopposed* Motion for Relief from Court's Order of July 8, 2008 and for Extension of Time to File A Response Brief through which Plaintiff asked to for relief from his failure to respond to the Government's motion to dismiss. *Doc. 18*. Magistrate Judge Ostby denied the motion on the grounds that a mistake by counsel is not a proper ground for relief pursuant to Fed.R.Civ.P. 60(b)(1) and that Plaintiff would suffer no prejudice because he could offer his arguments to this Court as objections to the Findings and Recommendations. *Doc. 19*.

1

made. 28 U.S.C. § 636(b)(1).

Notably, Plaintiff does not object to Magistrate Judge Ostby 's conclusion that his converted FTCA claim must be dismissed for lack of jurisdiction because he failed to file a valid, properly executed administrative claim within two years of the accident. *Doc. 20*, p. 5. Plaintiff does ask that this Court to explicitly conclude as a matter of law that his lawsuit was required to be filed within two years of the accident in order to state a valid FTCA claim.

However, it is well-established that the authority of a federal court is premised on the existence of an actual case or controversy; federal courts have no authority to issue advisory opinions. *U.S. Nat. Bank of Oregon v. Independent Ins. Agents of America, Inc.*, 508 U.S. 439, 446 (1993). Alternatively stated, a federal court is "without power to decide questions that cannot affect the rights of litigants in the case before them." *North Carolina v. Rice,* 404 U.S. 244, 246 (1971). Accordingly, Plaintiffs "limited objection" is not well-taken.

After a de novo review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and adopts them in their entirety. The United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction (*Doc. 11*) is **GRANTED**.

**IT IS ORDERED.** The Clerk of Court shall notify the parties of the making of this Order and close this case accordingly.

DATED this 3rd day of September, 2008.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE

2